UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARGARET JONES, | ) | |
| | ) | |
| Plaintiff, | ) | No. 19 C 5303 |
| | ) | |
| v. | ) | Formerly Case No. 2018 L 013727 |
| | ) | Circuit Court of Cook County, Illinois |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL OF A CIVIL ACTION AND
## SUBSTITUTION OF THE UNITED STATES AS DEFENDANT

To:     Dorothy Brown                                Philip J. Fowler
        Clerk of the Circuit Court                   Karlin, Fliesher, Falkenburg, LLC
        Richard J. Daley Center, Room 1001           111 W. Washington Street, Suite 950
        50 West Washington Street                    Chicago, Illinois 60602
        Chicago, Illinois 60602

The United States, by its attorney, John R. Lausch, Jr., United States Attorney for the

Northern District of Illinois, submits this notice of removal of the above-captioned civil action

from the Circuit Court of Cook County, Illinois, to the United States District Court, Northern

District of Illinois, pursuant to 42 U.S.C. § 233, and in support thereof states the following:

1.      On December 20, 2018, plaintiff Margaret Jones commenced the above civil action

against Dannon Martin, PA-C, alleging negligent medical care.    A copy of the state court

complaint is attached as Exhibit A.  For purposes of this lawsuit, Christian Community Health

Center is a private entity that receives grant money from the Public Health Service pursuant to 42

U.S.C. § 233.  Dannon Martin, PA-C, was an employee of Christian Community Health Center

and was acting within the scope of his employment with respect to the incidents referred to in the

complaint. *Id.*

2.     This notice of removal is filed in accordance with 42 U.S.C. § 233 upon certification by the designee of the Attorney General of the United States that Christian Community Health Center was a private entity receiving grant money from the Public Health Service and that its employees were acting within the scope of their employment at Christian Community Health Center with respect to the incidents referred to in the complaint.  Exhibit B.

3.     This notice of removal may be filed without bond at any time before trial.  42 U.S.C. § 233(c).  Trial has not yet been had in this action.

4.     Pursuant to the certification by the Attorney General's designee and the filing of this notice of removal, under 42 U.S.C. § 233(c), this civil action is deemed an action against the United States, and the United States is substituted as the sole federal party defendant in place of defendant.

WHEREFORE, this action now pending in the Circuit Court of Cook County, Illinois, is properly removed to this court pursuant to 42 U.S.C. § 233 and the United States is substituted as the defendant in lieu of Dannon Martin, PA-C.

Respectfully submitted,

JOHN R. LAUSCH, Jr.
United States Attorney

By: s/ Gina Brock
    GINA BROCK
    Assistant United States Attorney
    219 S. Dearborn Street
    Chicago, Illinois 60604
    (312) 353-7919
    gina.brock@usdoj.gov

2

**Certificate of Service**

The undersigned Assistant United States Attorney hereby certifies that in accordance with

Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF), the following

document:

      NOTICE OF FILING

      NOTICE OF REMOVAL OF A CIVIL ACTION AND
      SUBSTITUTION OF THE UNITED STATES AS DEFENDANT

was served pursuant to the district court's ECF system as to ECF filers, if any, and was sent by

certified mail on August 6, 2019, to the following non-ECF filers:

Philip J. Fowler                Dorothy Brown
Karlin, Fliesher, Falkenburg, LLC      Clerk of the Circuit Court
111 W. Washington Street, Suite 950     Richard J. Daley Center, Room 1001
Chicago, Illinois 60602           50 West Washington Street
                               Chicago, Illinois 60602

Respectfully submitted,

JOHN R. LAUSCH, Jr.
United States Attorney

By: s/ Gina Brock
    GINA BROCK
    Assistant United States Attorney
    219 S. Dearborn Street
    Chicago, Illinois 60604
    (312) 353-7919
    gina.brock@usdoj.gov

# Exhibit A

COPY

FILED DATE: 4/10/2019 3:50 PM   2018L013727

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| Summons - Alias Summons | (08/01/18) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

MARGARET JONES

(Name all parties)    Case No.    2018 L 013727

v.

DANNON R. MARTIN, PA-C

SHERIFF OF LAPORTE COUNTY,
INDIANA, PLEASE SERVE:

☐ SUMMONS  ☒ ALIAS SUMMONS  DANNON R. MARTIN, PA-C
219 E. 9th Street
Michigan City, IN 46360

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee within thirty (30) days after service of this Summons, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 1 of 3

I CERTIFY THE WITHIN TO BE A TRUE,
THE ORIGINAL WRIT,
SHERIFF OF LAPORTE COUNTY

C. Oygarowski — Deputy

Summons - Alias Summons

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

(08/01/18) CCG 0001 B

Atty. No.: 49163

Atty Name: Karlin, Fleisher & Falkenberg, LLC

Atty. for: Plaintiff

Address: 111 W. Washington, Suite 950

City: Chicago

State: IL    Zip: 60602

Telephone: 312-346-8620

Primary Email: kreda@kff-law.com

Witness: 10th day of April, 2019

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

Richard J Daley Center
50 W Washington
Chicago, IL 60602

District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

Domestic Violence Court
555 W Harrison
Chicago, IL 60607

Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

FILED
12/20/2018 1:41 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018L013727

Attorney Code #49163
PJF/kls #40070

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

MARGARET JONES,                          )
                                         )
    Plaintiff,                           )
                                         )         2018L013727
    vs.                                  )  No.
                                         )
DANNON MARTIN, PA-C,                     )
                                         )
    Defendant.                           )

## COMPLAINT

Now comes the Plaintiff, MARGARET JONES, by and through KARLIN,

FLEISHER & FALKENBERG, LLC, her attorneys, and for her COMPLAINT against

Defendant, DANNON MARTIN, PA-C, she states the following:

1.    On or about December 21, 2016, Plaintiff, MARGARET JONES, was a

resident of the City of Chicago, County of Cook, State of Illinois.

2.    Upon information and belief, Defendant, DANNON MARTIN, PA-C,

during all times relevant herein, was licensed as, a Licensed Physician Assistant

and operated as such at the Christian Community Health Center in the City of

Chicago, County of Cook, State of Illinois and provided Physician Assistant

services to general public within the County of Cook, State of Illinois.

3.    During all times relevant, Plaintiff, MARGARET JONES's primary

care facility was Christian Community Health Center, located at 9718 S. Halsted

FILED DATE: 12/20/2018 1:41 PM   2018L013727

Street, Chicago, Illinois 60628, where she went for her well-care visits between July 22, 2014 and December 21, 2016.

4.    On or about December 21, 2016, Plaintiff MARGARET JONES, presented to Christian Community Health Center, where she received treatment from Defendant, DANNON MARTIN, PA-C. Defendant, DANNON MARTIN, PA-C, was an employee and/or agent of Christian Community Health Center, an Illinois Not-for Profit Corporation.

5.    On her visit of December 21, 2016, Plaintiff, MARGARET JONES, was seen by Defendant DANNON MARTIN, PA-C. Plaintiff revealed to DANNON MARTIN, PA-C that she had been feeling ill for several days with flu-like symptoms. She stated that she had a productive cough which had been worsening for days, that she had shortness of breath on exertion, that she had not been using her CPAP machine because she needs a replacement, and that she would not be seeing her pulmonary doctor for two months.

6.    On December 21, 2016 Plaintiff, MARGARET JONES, had a pulse oximetry reading of 86%, meaning she was hypoxic.

7.    On December 21, 2016, her history and medical chart revealed that she had a history of hypoxia, COPD, asthma, sleep apnea, hypertension and diabetes, used oxygen and a CPAP machine, had used an inhaler and nebulizer, and was under the care of a pulmonary doctor.

8.    On December 21, 2016, her history and medical chart revealed that she was on a combination of medications that could contribute to dehydration

2

FILED DATE: 12/20/2018 1:41 PM   2018L013727

and kidney failure in a person who was not healthy, like MARGARET JONES. For instance, her chart listed the following medications: metformin for diabetes (usage of metformin in a patient who is dehydrated is known to be associated with metabolic acidosis), furosemide (a water pill which can lower blood pressure) 600 mg of ibuprofen (a large dose), and losartan (a blood pressure medicine).

9.    When DANNON MARTIN, PA-C saw Plaintiff, MARGARET JONES, on December 21, 2016, DANNON MARTIN, PA-C was aware that MARGARET JONES was hypoxic and in respiratory compromise, not using her CPAP and would not be seeing a pulmonary doctor for two months.

10.    On December 21, 2016, DANNON MARTIN, PA-C, started Plaintiff, MARGARET JONES, on a ZPAC (the antibiotic azithromycin). The ZPAC prescribed was insufficient for person as sick as MARGARET JONES was and had a pulse oximeter reading of 86%. DAMON MARTIN PA-C also prescribed a steroid that can be given to reduce inflammation in the lungs to be taken orally. When taken by mouth, the steroid would not be effective for several days. Furthermore, DAMON MARTIN PA-C gave MARGARET JONES a nebulizer treatment which is designed to open up brachial tubes, but then never checked MARGARET JONES's oxygen saturation after the treatment in order to assess whether it was effective enough before she was sent home.  DANNON MARTIN, PA-C then discharged Plaintiff, MARGARET JONES, home.

11.    MARGARET JONES suffered over the next several days after being sent home from the clinic on December 21, 2016 such that on or about December 24, 2016 an EMT was called to the house because MARGARET JONES could hardly function and could not even walk to the bathroom and had collapsed.

12.    While in the ambulance on the way to in the hospital, MARGARET JONES had suffered acute respiratory arrest and stopped breathing after which she went into cardiac arrest and he heart stopped too.

13.    When MARGARET JONES arrived at the hospital, Little Company of Mary, she had a lethal level of potassium in her system – it was over ten. A potassium level of over 6 is life-threatening. MARGARET JONES also had lactic acidosis from not breathing and metabolic acidosis from organ failure.

14.    An echocardiogram and stress test at the hospital showed that her heart was good. Her heart, then, had stopped from metabolic disease caused by her elevated potassium level and directly attributable to her care and treatment, and not from primary cardiac disease.

15.    Due to the lack of care and treatment received by MARGARET JONES for her respiratory compromise, hypoxia and air hunger on December 21, 2016, she became dehydrated and her oxygen levels got worse until she stopped breathing, her kidneys failed because of poor oral intake, she suffered from acidosis, her potassium levels increased, and she suffered a heart attack, near death and kidney damage as a result.

4

16. At all times relevant herein, Defendant, DANNON MARTIN, PA-C. owed Plaintiff, MARGARET JONES, a duty to exercise reasonable care in providing services as a Licensed Physician Assistant to MARGARET JONES.

17. Notwithstanding the aforesaid representations, Defendant, DANNON MARTIN, PA-C, committed one or more or a combination of the following negligent acts or omissions, to-wit:

    a.    Failed to proscribe and/or treat with the proper administration, combination and strength of medications including intravenous medication;

    b.    Failed to prescribe and/or treat patient with pressurized breathing;

    c.    Failed to prescribe and/or have the patient undergo a chest X-ray;

    d.    Failed to recheck the patient's oxygen saturation after nebulizer treatment;

    e.    Failed to use proper antibiotics in treating the patient;

    f.    Failed to properly hydrate the patient and ensure that the patient was able stay properly hydrated upon discharge;

    g.    Failed to realize and understand that given the patient's condition and regimen of medications that her discharge home in her condition could or would lead to dehydration and acidosis;

    h.    Failed to send the patient to the emergency room rather than send her home;

    i.    Failed to hospitalize the patient rather than send her home;

    j.    Was otherwise negligent.

18. As a direct and proximate result of one or more or a combination of the negligent or careless acts or omissions, as aforesaid, Plaintiff, MARGARET JONES, suffered from increased potassium levels, lactic acidosis and metabolic acidosis, respiratory arrest, cardiac arrest and kidney damage.

19. As a direct and proximate result of those medical conditions, Plaintiff, MARGARET JONES, incurred medical expenses, endured pain and suffering, experienced a loss of normal life, experienced disfigurement, and will continue to suffer those damages into the future as a result of the Defendant's conduct.

20. Attached is an Affidavit pursuant to Supreme Court Rule 222(b) establishing that this cause of action is worth in excess of $50,000.00.

21. Attached is an Affidavit pursuant to Section 2-622 of the Illinois Code of Civil Procedure.

Wherefore, Plaintiff, MARGARET JONES, prays that this Honorable Court enters a judgment against Defendant, DANNON MARTIN, PA-C, in a sum in excess of fifty thousand dollars ($50,000.00), plus the cost of this lawsuit, and grants such other, further, and different relief as this Court deems equitable and just under the circumstances.

KARLIN, FLEISHER & FALKENBERG, LLC
Attorneys for Plaintiff
BY: _____
Philip J. Fowler

111 W. Washington St., Suite 950
Chicago, IL 60602
312-346-8620

6

PJF/kls #40070

FILED
12/20/2018 1:41 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018L013727

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

MARGARET JONES,

    Plaintiff,

       vs.

DANNON MARTIN, PC-A,

    Defendant.

)
)
)
)
) No.
)
)
)
)

2018L013727

### AFFIDAVIT

Now comes the Affiant, Philip J. Fowler, and states the following under oath:

1.    That he is the attorney of record for the Plaintiff.

2.    The total of money damages sought does exceed $50,000.00.

Further Affiant sayeth naught.

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.

KARLIN, FLEISHER & FALKENBERG, LLC

BY: _____
        Philip J. Fowler

*111 W. Washington, Suite 950*
*Chicago, IL 60602*
*312-346-8620*

7

PJF/kls #40070

FILED
12/20/2018 1:41 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018L013727

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

MARGARET JONES,

    Plaintiff,

    vs.

DANNON MARTIN, PC-A,

    Defendant.

)
)
)
)
)
)
)
)
)
)

No.   2018L013727

## A F F I D A V I T

Philip J. Fowler, being first duly sworn, states as follows:

I am an attorney employed by KARLIN, FLEISHER & FALKENBERG, LLC, who are the attorneys for Margaret Jones.

I have consulted and reviewed the facts of the case with a healthcare professional whom I believe is knowledgeable in the relevant issues in this particular action, practices, or has practiced in the last five years, in the same area of medicine that is at issue in this particular action and is qualified by experience in the subject of this case.

*The reviewing healthcare professional has determined in a written report, after a review of the medical record, that there is a reasonable and meritorious cause for the filing of such an action.*

*I have concluded on the basis of the reviewing healthcare professional's review and consultation, that there is a reasonable and meritorious cause for the filing of this action.*

8

FILED DATE: 12/20/2018 1:41 PM   2018L013727

A copy of the reviewing healthcare professional's report (with information which would identify the reviewing healthcare professional being deleted) is attached to this Affidavit.

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.

_____
Philip J. Fowler

KARLIN, FLEISHER & FALKENBERG, LLC
Attorneys for Plaintiff
111 W. Washington, Suite 950
Chicago, IL 60602
312-346-8620
Attorney Code #49163

9

December 19, 2018

Philip J. Fowler
Karlin, Fleisher & Falkenberg, L.L.C.
111 West Washington Street, Suite 950
Chicago, Illinois 60602

Re:     *Margaret Jones* – Your File No. 40070

Dear Mr. Fowler:

I am a physician licensed to practice medicine in all of its branches in the State of Illinois and have practiced in the last six (6) years in the area of internal medicine. I am knowledgeable concerning the standard of care, methods, procedures and treatments as they relate to issues of the care and treatment involved in this matter. I have also read and reviewed documents forwarded to me pertaining to the care of Margaret Jones, including:

1) Christian Community Health Center records; and
2) Little Company of Mary Hospital records.

Based upon my education, training and experience, and my review of the aforesaid records, it is my opinion, based upon a reasonable degree of medical certainty, that the care provided by *Christian Community Health Center* and its agents and/or employees and Dannon Martin PA-C fell below the standard of care, and as such, there is a reasonable and meritorious basis for the filing of an action against Christian Community Health Center and Dannon Martin PA-C and the medical centers, medical group and/or the hospitals which employed them or for which they acted as agents.

The records reveal that Ms. Jones had been feeling ill for days with flu-like symptoms, so she went to her primary care facility on December 21, 2016 and seen there by Dannon Martin PA-C who gave her antibiotics. Four days later, she collapsed and was rushed by ambulance to Little Company of Mary Hospital. She suffered a heart attack and kidney failure requiring follow up dialysis, all of which was a result of the negligent care of Christian Community Health Center and/or Dannon Martin PA-C.

Ms. Jones' medical history prior to her visit on December 21, 2016 demonstrated that she suffered from pulmonary issues which made her a high-risk patient. For instance, on July 22, 2014, she presented to the clinic with COPD, asthma and sleep apnea. She was morbidly obese, hypertensive and had diabetes. Further her triglycerides (fat in her blood) were high at 670 (four times higher than they should be). It will also be seen that she was also hypoxic, meaning her blood oxygen level was low,

Ms. Jones came in for a well exam on October 15, 2015 and her oxygen level was 89%. A patient with a blood oxygen level below 90% is considered hypoxic and a healthy normal level is between 95% and 97%. When Ms. Jones returned for a check up on December 16, 2014, the history revealed that she had a pulmonary doctor and was oxygen dependent. She was on three liters of oxygen and was seeking an CPAP device for her sleep apnea. When she came to the clinic for routine follow up visit on March 11, 2015, she stated that she was seeing a pulmonologist, was on three liters of oxygen a night, and was getting nebulizer treatment. In short, she was compromised from a pulmonary perspective. Further, her labs from the day show that her hemoglobin was over 15 (in a woman the normal amount of hemoglobin is between 12 and 13). This reading is significantly higher than normal. Hemoglobin is red blood which carries oxygen from the lungs to the rest of the body. When oxygen levels are low, the body compensates by making more red blood cells. Ms. Jones' hemoglobin was high because she was hypoxic. When red blood cells are high, a patient is more susceptible to clotting, stroke and heart attack. When Ms. Jones returned on March 14, 2016, her pulse oximeter reading was 82% while she was on portable oxygen and a nebulizer with worsening shortness of breath since running out of her prednisone. On the August 3, 2016 wellness visit, she complained of a dry cough and worsening shortness of breath for one week while using a nebulizer or inhaler four to five times a day. When she returned on October 21, 2016, she had been wheezing for two weeks associated with shortness of breath. When she returned on November 29, 2016, she reported that the day after the October 21, 2016 visit, she went to the ER due to an exacerbation of asthma.

On December 21, 2016, Ms. Jones returned to Christian Community Health Center and saw Dannon Martin PA-C. On that date, Dannon Martin PA-C and Christian Community Health Center engaged in a number of clear violations of the standard of care that led Ms. Jones' collapse on Christmas day and her being taken to the emergency room at Little Company of Mary. These violations of the standard of care proximately caused Ms. Jones' heart attack and decreased kidney function resulting in the need for dialysis.

When Ms. Jones came to the clinic for her check up on December 21, 2016, she had a non-productive cough which had been worsening for four days. She had dyspnea on exertion, meaning shortness of breath when she exerted herself. Ms. Jones also had not been using her CPAP machine for some time because she could not get a machine replacement. She also reported that she would not be seeing her pulmonary doctor for two months. Her pulse oximeter reading was 86% Dannon Martin PA-C, then, knew that Ms. Jones was in respiratory compromise, not using her CPAP and would not be seeing her pulmonary doctor for two months.

Ms. Jones was then started on a ZPAC (the antibiotic azithromycin) and prednisone, which is a steroid. A ZPAC is the standard dose for a healthy person who is being treated for a respiratory infection as an outpatient. A person, like this patient, who is not healthy and suffering from a respiratory infection would not be expected to respond to azithromycin. Further, steroids,

given to reduce inflammation in the lungs, when taken by mouth would not be effective for several days. In short, the medicine prescribed was not sufficient for a person with these symptoms and a pulse oximeter reading of 86 percent. Furthermore, the patient was given a nebulizer treatment designed to open up bronchial tubes, but the patient's oxygen saturation is not checked after the treatment to assess whether it was effective enough before she was sent home.

In short, this patient needed, and the standard of care required, that the patient 1) be given stronger, intravenous medicine, 2) be given pressure breathing, 3) undergo a chest X-ray, 4) have a recheck of her oxygen saturation after the nebulizer treatment, 5) be put on different antibiotics and 6) be sent to the ER and hospitalized instead of being sent home as she was.

The hospital records reveal that the patient suffered over the next few days after being sent home from the clinic on December 21, 2016 and that the EMT was called because the patient could hardly function; she couldn't even walk to the bathroom. She collapsed, the EMT was called and she had an arrest in the ambulance and stopped breathing. She suffered an acute respiratory arrest and then later a cardiac arrest, that is, she stopped breathing and then her heart stopped too. She was then resuscitated and brought into the hospital.

When she arrived at the hospital, she had a lethal level of potassium in her system, her kidneys had failed and the oxygen levels in her blood were life-threateningly low. The patient had respiratory acidosis meaning she had lactic acid from not breathing and metabolic acidosis from organ failure.

When Ms. Jones presented to Little Company of Mary, her potassium level was over ten. A potassium level of over 6 is life-threatening. (Potassium is what is given to death row inmates to make their heart stop). As importantly, at Little Company of Mary, Ms. Jones underwent an echocardiogram and a stress test which show that her heart was good. In other words, her heart did not stop because of primary cardiac disease, but because her potassium level was over ten, that is, this was a metabolic disease directly due to the negligent treatment on December 21, 2016.

Ms. Jones arrested because she was not properly treated for respiratory compromise and her breathing issues were not addressed. Because of her hypoxia and air hunger, she suffered at home for four days without the ability to sustain proper levels of food and drink, she became increasingly dehydrated while on medicine that demanded that she be able to continue an intake of fluids and food.[1] Her low oxygen levels got worse and worse until she stopped

---

[1] It should be noted at this point that when the patient was seen at the clinic on December 21, 2016 (before her hospitalization four days later), her medicines were listed in her chart and it was known that she was on metformin for diabetes, furosemide (a water pill which can lower blood pressure), 600 mg of ibuprofen (a large dose) and losartan (a blood pressure medicine). These medicines are appropriate for a person who is healthy, but it is known that these medicines can also contribute to dehydration and kidney failure in a person who is not healthy (like Ms.

breathing and her kidneys failed because of poor oral intake that caused her potassium to go up which also increased because of acidosis in conjunction with her medication. This, in turn, caused a heart attack and near death. Her heart attack, kidney damage, hospitalization and follow up dialysis treatment and resulting medical treatment, including discharge to a skilled nursing facility and resulting medical bills were directly caused by these violations of the standard of care.

Jones). For instance, metformin usage in a patient who is dehydrated is known to be associated with metabolic acidosis.

# Exhibit B

## CERTIFICATION

Pursuant to the provisions of 42 U.S.C. § 233, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the complaint in *Margaret Jones v. Dannon R. Martin, PA-C*, No. 2018 L 13727 (Circuit Court of Cook County, Illinois), and all attachments thereto. On the basis of the information now available, I find that at the relevant times, the Christian Community Health Center was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 233. Further, I certify that Dannon R. Martin, PA-C, was acting within the scope of his employment at the Christian Community Health Center with respect to the incidents referred to in the complaint. Accordingly, for purposes of the above case, Dannon R. Martin, PA-C, is deemed to be an employee of the United States pursuant to 42 U.S.C. § 233, for Federal Tort Claims Act purposes only.

                                     s/ Thomas P. Walsh
                                     THOMAS P. WALSH
                                     Chief, Civil Division
                                     Office of the United States Attorney
                                          for the Northern District of Illinois

Date: June 21, 2019